# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| **CP DIRECT, INC.** : <br> 4600-A Boston Way : <br> Lanham, MD 20706 : <br> : <br>     **Plaintiff** : <br> : <br> v. : <br> : <br> **GLOBAL EHRET PROCESSING TECHNOLOGY** : <br> t/a GEP GERMANY : <br> Sasbacherstr. 2 : <br> 79111 Freiburg, Germany : <br> : <br> Serve: : <br> **Bernhard Ehret** : <br> **Managing Director** : <br> : <br> and : <br> : <br> **GEP AMERICA, LLC** : <br> 6209 Mid River Mall Drive, Suite 153 : <br> Saint Peters, MO 63304 : <br> : <br> Serve: : <br> **Peter C. Woods** : <br> **Resident Agent** : <br> 1010 Market Street, Suite 1620 : <br> St. Louis, MO 63101 : <br> : <br>     **Defendants** : | Case No. _____ |

## **COMPLAINT**

COMES NOW the Plaintiff, CP Direct, Inc. (hereinafter "CP Direct"), by and through

counsel, Law Offices of Timothy Guy Smith, P.C., and pursuant to the Rules of this Court, files

the following Complaint against Defendants, Global Ehret Processing Technology (hereinafter

"GEP Germany") and GEP America, LLC (hereinafter "GEP America"), and as grounds therefor states as follows:

## I. JURISDICTION

1. Plaintiff files this matter under 26 U.S. Code 332 as the matter in controversy exceeds the sum or value of $75,000.00 and involves citizens of different states.

2. Plaintiff, CP Direct, is a corporation duly authorized to conduct business in the State of Maryland with principal offices at 4600-A Boston Way, Lanham, Maryland 20706.

3. Defendant GEP Germany is a German entity with principal offices located at Sasbacherstr.2, 79111 Freigburg, Germany.

4. Defendant GEP America is a limited liability company formed under the laws of the State of Missouri with principal offices at 6209 Mid Rivers Mall Drive, Suite 153, Saint Peters, Missouri 63304.

5. Jurisdiction in this matter is appropriate in the State of Maryland as venue is appropriate in this forum as Maryland is the location of the performance of the contract and the breach of the contract is stated below. All of the events are omissions giving rise to the claim occurred in the State of Maryland. Therefore, subject to 28 U.S. Code §1391, venue is appropriate in this Court.

## II. FACTS COMMON TO ALL COUNTS

6. On September 21, 2016, Defendants provided an amended quotation (contract) for a complete 23-inch wide speed finishing line with various modules. See Exhibit A attached hereto and made part hereof.

7. The contract called for deliveries tied to periodic payments as follows: (1) 25% with the official order totaling $137,500.00; (2) 25% due within 45 days from receipt of the

initial deposit in the amount of $137,500.00 and the balance of $220,000.00 payable with the announcement ready for shipment; (3) 10% after installation approval, maximum 30 days after delivery.  CP Direct paid all of those invoices except the last.

8.   CP Direct made a down payment of $137,500.00 on September 30, 2016, an additional $137,500.00 on November 15, 2016 and a payment of $220,000.00 on May 25, 2017 representing the third payment.  See Exhibit B attached hereto and made part hereof.

9.   Since the initial deposit, Defendants have delivered some of the equipment as required by the contract in new form.  Other equipment has been provided as temporary equipment or was provided in used form.  Additionally, training was to be provided, which has not yet occurred.  As of August 13, 2019, the equipment in question was incomplete and did not perform as represented.

10.   The equipment was ordered in September 2016 with a represented delivery of four to five months.  The first shipment of components was received in June 2017.

11.   In July 2017 additional components were delivered; however, as of that date, the folding sections of the equipment had not yet been completed and did not ship.

12.   Of the equipment that was provided, some of said equipment was damaged by the Defendants' installers.  No owners' manuals, maintenance schedules or parts lists were ever provided.

13.   In October 2017, a loaner section was received from Defendants.  Many of the components were not capable of producing the products for which it was intended.

14.   In December 2017, Defendants agreed to exchange part of the equipment with a more expensive piece in order to provide the speed which was promised.  To date, the replacement equipment has not been received.  In July 2019, equipment was received in poor

condition, missing parts with worn gears, hammer marks on the outside frames and exhibiting other evidence that the equipment in question was not new as required by the contract, but rather was used.

15. On August 13, 2019, the equipment in question was rejected in accordance with both United States and International law. A copy of that rejection is attached hereto and made part hereof as Exhibit C. An additional letter was forwarded to the Defendants on October 17, 2019 notifying them of the storage fees being changed for the equipment. See Exhibit D attached hereto and made part hereof. To date, the contract has not been completed nor have the funds been refunded to the Plaintiff.

16. Upon information belief, GEP Germany is in partnership with GEP America and share in the obligations and benefits of this contract.

### COUNT I – BREACH OF CONTRACT

17. Plaintiff sets forth paragraphs 1 – 16 as if fully stated herein.

18. The parties entered into a contract on or about September 21, 2016.

19. Plaintiff has fully performed its obligations under the contract.

20. Defendants have failed and continue to fail to honor their obligations under the contract, has provided the Plaintiff with nonconforming, used and otherwise nonfunctional equipment.

21. Plaintiff has rejected the performance of the Defendants in accordance with the United Nations Convention on Contracts for the International Sale of Goods (CISG).

22. Since the rejection of the contact, Plaintiff continues to store the equipment within its facility.

23. Defendants have been advised as to the rental cost of the space being occupied by the nonfunctional equipment.

24. The actions/inactions of the Defendants operating in concert and individually amounts to a breach of the original contract.

25. As a direct and proximate result of the breach of the contract by the Defendants, Plaintiff has sustained damages totaling $495,000.00, plus storage accruing per the letter dated October 17, 2019.

WHEREFORE, Plaintiff requests that this court enter judgment in its favor and against Defendants jointly and severally in the amount of $650,000.00, plus costs, interest, reasonable attorney's fees and such other and further relief as this court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues contained herein.

Respectfully submitted,

LAW OFFICES OF TIMOTHY GUY SMITH, P.C.

/s/
Timothy Guy Smith (06857)
2480 Route 97, Suite 7
Glenwood, MD 21738
Timtheattorney@aol.com
301-854-5433
410-489-2315 (facsimile)
Counsel for Plaintiff

Tim\cp direct\global ehret\lawsuit\complaint